UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-14232-Cannon/McCabe

GLORIA ROLLE

    Plaintiff,

v.

CHIPOTLE MEXICAN GRILL, INC.

    Defendant.
_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Motion") (DE 6), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 15). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **GRANTED IN PART AND DENIED IN PART.**

**I.      BACKGROUND**

This is a slip-and-fall case. The Court accepts the following facts as true, taken from the Amended Complaint (DE 1-2). Defendant owns and operates a restaurant in Stuart, Florida (DE 1-2 ¶ 5). Plaintiff, a customer of the restaurant, alleges that on July 10, 2022, she slipped in a puddle of water as she walked past the cash register, causing her to fall to the ground and injure herself (DE 1-2 ¶¶ 6, 11). Plaintiff brings a single count of negligence (DE 1-2 ¶¶ 7-11). Specifically, she alleges that Defendant failed to maintain its business establishment in a reasonably safe condition by "allowing water or other liquid to accumulate on the floor, failing to clean up and/or warn of water that had collected on the floor after a sufficient time for [Defendant] to have discovered and warned, and removed the water" (DE 1 ¶ 9).

## II. LEGAL STANDARD

By way of this Motion, Defendant seeks dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  In evaluating a Rule 12(b)(6) motion, the Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

## III. DISCUSSION

Defendant urges dismissal on multiple grounds, each of which the Court will address in turn.

### A. Fla. Stat. § 768.0755

Defendant first argues the Amended Complaint fails to allege facts sufficient to satisfy Fla. Stat. § 768.0755, which governs the burden of proof for plaintiffs in slip-and-fall cases involving a "transitory foreign substance" in a business establishment (DE 6 at 4).  The statute provides:

(1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:

> a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>
> b) The condition occurred with regularity and was therefore foreseeable.
>
> (2) This section does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises.

Fla. Stat. § 768.0755. Pointing to this statute, Defendant argues the Amended Complaint makes only threadbare allegations and lacks sufficient facts to support the conclusion that Defendant had actual knowledge of the transitory foreign substance at issue, or that Defendant had constructive knowledge of its presence based on the amount of time it had been on the ground (DE 6 at 7).

The Court has reviewed the allegations and, while admittedly sparse, the Court finds them sufficient to survive a motion to dismiss. As other courts have observed, Fla. Stat. § 768.0755 imposes a burden of proof at trial, not a burden of pleading at the motion-to-dismiss stage. *See Marshon v. Fresh Mkt., Inc.*, No. 16-81609, 2017 WL 78797, at *5 n.6 (S.D. Fla. Jan. 6, 2017) (denying motion to dismiss in a slip-and-fall case, noting that "the substantive evidentiary standard for *proving* constructive notice under Florida law says nothing about the pleading standard for *alleging* it under federal law"). As such, a plaintiff need not allege in his or her complaint the type of factual detail that can normally be obtained only through discovery. As the *Marshon* court reasoned:

> I am not persuaded that [plaintiff] must go further and pinpoint the exact [amount of time foreign substance has been on the ground]. It would be surprising indeed if a slip-and-fall plaintiff could determine this information without the aid of discovery. Because a plaintiff's pleading burden should be commensurate with the amount of information available to her, it is unreasonable to require her to plead timing circumstances that she can learn only through discovery.

*Id.* at *6 (cleaned up).

Instead, at the motion-to-dismiss stage, a plaintiff need only allege sufficient facts to state a plausible claim. *Iqbal*, 556 U.S. at 678. Here, Plaintiff did more than merely parrot the language of Fla. Stat. § 768.0755. She also identified the transitory foreign substance at issue, i.e., a puddle of water, and she identified its location, i.e., near the cash register (DE 1-2 ¶ 6). Construing all allegations in the light most favorable to Plaintiff – and given the proximity of cash registers to employees in most restaurants – the Court finds Plaintiff's allegations of actual and/or constructive notice to be entirely plausible. The Court rejects Defendant's argument that Plaintiff must allege more and greater factual detail at this stage of the case. *See, e.g.*, *Chiappone v. Fresh Market, Inc.*, No. 6:19-1896, 2019 WL 13183562, *2 (M.D. Fla., Nov. 5, 2019) ("It is unnecessary that Plaintiff allege Fresh Market's negligence to a legal certainty at the motion to dismiss stage.").

The Court has considered, but finds unpersuasive, Defendant's citations to *Holland v. Carnival Corp.*, 50 F.4th 1088 (11th Cir. 2022), *Leo v. Main Event Entm't, LP*, No. 6:19-1006, 2020 WL 13368586 (M.D. Fla. Jan. 15, 2020), and *Rexach v. Dollar Tree Stores, Inc.*, No. 6:19-750, 2019 WL 13247348 (M.D. Fla. Aug. 20, 2019) – all cases involving plaintiffs who made conclusory allegations of actual and/or constructive notice in slip-and-fall cases, without sufficient factual support. The Court finds these cases distinguishable because the Plaintiff here alleged sufficient facts to support her allegations of notice; namely, she identified the transitory foreign substance at issue and its location near the cash register. The Court finds these allegations sufficient at the motion-to-dismiss stage. As such, the Motion should be **DENIED** as to Count I for negligence.

      B.    **Negligent Mode of Operation/Training**

Defendant next argues the Amended Complaint should be dismissed to the extent it seeks to state a claim for negligent mode of operation and/or negligent training (DE 6 at 7). In support,

4

Defendant argues such claims are no longer viable since the enactment of Fla. Stat. § 768.0755 in 2010 (DE 6 at 7-8).  As other courts have observed, it remains unclear whether negligent mode of operation/training remains a viable theory under Florida law in slip-and-fall cases involving transitory substances.  *See Cantave v. Holiday CVS, L.L.C., et al.*, No. 21-22344, 2021 WL 3403125, at *2 (S.D. Fla. Aug. 4, 2021) (discussing current uncertainty in the law on this issue).  Fortunately, the Court need not decide this issue, as Plaintiff concedes she does not seek to bring such a claim (DE 10 at 5).  Given this concession, the Motion should be **GRANTED** as to any claim for negligent mode of operation and/or negligent training.

        C.       **Motion to Strike**

Finally, Defendant requests that the Court strike all allegations from the Amended Complaint that attempt to state a claim for negligent mode of operation and/or negligent training (DE 6 at 9).  Defendant makes this request pursuant to Fed. R. Civ. P. 12(f), which allows courts to "strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter."  A motion to strike is a drastic remedy, which is disfavored by the courts.  *Gonzalez v. Scottsdale Ins. Co.*, No. 20-20747, 2020 WL 1891328, at *1 (S.D. Fla. Apr. 16, 2020); *see also Inlet Harbor Receivers, Inc. v. Fid. Nat'l Prop. & Cas. Ins. Co.*, No. 6:08-346, 2008 WL 3200691, at *1 (M.D. Fla. Aug. 6, 2008) (characterizing motions to strike as "time wasters").

The Court recommends the motion to strike be denied here for two reasons.  First, Rule 12(f) cannot be used to seek a merits-based dismissal, as Defendant attempts to do here with the claim for negligent mode of operation/training.  *See Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017) (noting that a motion to strike "is not intended to procure the dismissal of all or part of a complaint").  Second, and at any rate, the Court has already recommended dismissal of this claim

5

in section III.B above, which makes it unnecessary to strike the allegations.  As such, the motion to strike should be **DENIED** as moot.

### IV. <u>RECOMMENDATION & NOTICE OF RIGHT TO OBJECT</u>

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion (DE 6) be **GRANTED IN PART AND DENIED IN PART**, as follows:

1. The Motion should be **DENIED** as to Count I for negligence.

2. The Motion should be **GRANTED** to the extent Plaintiff attempts to state claim for negligent mode of operation and/or negligent training, and any such claim should be **DISMISSED WITH PREJUDICE** in light of Plaintiff's concession that she does not seek to bring such a claim.

3. The Motion should be **DENIED** to the extent Defendant seeks to strike allegations pursuant to Fed. R. Civ. P. 12(f).

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 27th day of September 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE